UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY A. ASKEW,

                      Plaintiff,

    -v-

P.O. LINDSEY; P.O. YOUMAN; P.O. MOTA; LT. JOHNSTONE; MONTICELLO POLICE CHIEF MIR; COUNTY OF SULLIVAN; TOWN OF THOMPSON; VILLAGE OF MONTICELLO,

                      Defendants.

Case No. 15-CV-7496 (KMK)

OPINION & ORDER

Appearances:

Timothy A. Askew
Woodbourne, NY
*Pro Se Plaintiff*

Ralph L. Puglielle, Jr., Esq.
Drake, Loeb, Heller, Kennedy, Gogerty, Gaba & Rodd
New Windsor, NY
*Counsel for Defendants P.O. Lindsey, P.O. Youman, P.O. Mota, Lt. Johnstone, Monticello Police Chief Mir, and Village of Monticello*

Thomas J. Cawley, Esq.
Sullivan County Attorney's Office
Monticello, NY
*Counsel for Defendant County of Sullivan*

Michael B. Mednick, Esq.
Law Office of Michael B. Mednick
Monticello, NY
*Counsel for Defendant Town of Thompson*

KENNETH M. KARAS, District Judge:

Timothy A. Askew ("Plaintiff"), proceeding pro se, brings this Action pursuant to 42 U.S.C. § 1983, alleging claims for false imprisonment, unlawful arrest, and assault against P.O. Lindsey ("Lindsey"), P.O. Youman ("Youman"), P.O. Mota ("Mota"), Lt. Johnstone ("Johnstone"), Police Chief Mir ("Mir"), Village of Monticello (the "Village"), County of Sullivan (the "County"), and Town of Thompson (the "Town"). Johnstone, Mir, and the Village (collectively, "Village Defendants"), the County, and the Town each filed a separate Motion To Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (collectively, the "Motions"). For the following reasons, the Motions are granted.

## I. Background

### A. Factual Background

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motions.

On September 5, 2014 at approximately 12:55 p.m., Lindsey, Youman, and Mota, all officers with the Monticello Police Department, appeared at Plaintiff's home and informed him that they had received a 911 call from his residence, concerning an assault. (Compl. 2 (Dkt. No. 2).) They told Plaintiff to open his door, and he complied. (*Id.*) Upon opening the door, Plaintiff "was tackled to the ground . . . and punched repeatedly in the face . . . ." (*Id.*) He was then handcuffed and arrested on "false charges." (*Id.*) A dentist at the jail told Plaintiff that he needed a root canal, and a nurse there sent Plaintiff "to the hospital for x-rays, because his nose and face were swollen." (*Id.* at 3.) "Plaintiff is in constant pain." (*Id.*)

Plaintiff was never charged with any crime in relation to the 911 call, but rather was charged with other crimes "to cover up these officer[s'] criminal acts . . . against [him]." (*Id.*)

2

He "was falsely incarcerated" for approximately 58 days and then "had to continue to go to court[] to defend himself" until the charges were dismissed on June 3, 2015.  (*Id.*)

According to the Complaint, the Monticello Police Department has "ongoing practices and policies . . . of violating people[']s constitutional and civil rights . . . ."  (*Id.* at 4.)  The Village, the Town, and the County were "aware of [these] actions" but "refus[ed] to correct []or deter this blatant disregard of this continuing violation of people[']s constitutional and civil rights."  (*Id.*)  Additionally, Mir failed to discipline Lindsey, Youman, and Mota for their "assaultive behavior."  (*Id.*)

These events "caus[ed] Plaintiff a great deal of emotional stress and anxiety."  (*Id.* at 3.)  He seeks compensatory and punitive damages as a result.  (*Id.* at 4.)  He further requests payment of his filing fees.  (*Id.*)

### B.  Procedural Background

Plaintiff filed the Complaint on September 22, 2015.  (Dkt. No. 2.)  Pursuant to a briefing schedule adopted by the Court on January 5, 2016, (Dkt. No. 12), and modified on January 21, 2016, (Dkt. No. 17), the Town filed its Motion To Dismiss and supporting papers on February 4, 2016, (Dkt. Nos. 23–28), and the County filed its own Motion To Dismiss and supporting papers that same day, (Dkt. Nos. 29–34).  Pursuant to a Scheduling Order adopted by the Court on March 16, 2016, (Dkt. No. 39), Village Defendants filed their Motion To Dismiss and supporting papers on May 13, 2016, (Dkt. Nos. 45–49).  Plaintiff has filed no opposition.

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot.*

*Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).  Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted).  However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Caidor v. Onondaga Cty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

B.  Analysis

The Town, the County, the Village, Mir, and Johnstone all seek dismissal of Plaintiff's claims against them.  (*See* Dkt. Nos. 23, 29, 45.)[1]  The Court will address, in turn, the Complaint as to each Defendant.

---

[1] Village Defendants' Motion does not seek to dismiss Plaintiff's claims against Lindsey, Youman, or Mota.  (*See* Dkt. No. 45.)

<u>1.  Claims Against the Town, the County, and the Village</u>

A municipal defendant "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (italics omitted); *see also Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (reaffirming that "a municipality cannot be held liable on a respondeat superior basis for the tort of its employee" (italics omitted)).  Rather, for a plaintiff to prevail on a § 1983 claim against a municipal defendant, he must satisfy the requirements set forth in *Monell* and its progeny, which adhere to the well-settled principle that "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691; *see also Hunter v. City of N.Y.*, 35 F. Supp. 3d 310, 322 (E.D.N.Y. 2014) ("In order to sustain a claim for relief pursuant to § 1983 against a municipal defendant, a plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right.").

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted).

"Normally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." *Tieman v. City of Newburgh*, No. 13-CV-4178, 2015 WL 1379652, at *12 (S.D.N.Y. Mar. 26, 2015) (alteration and internal

quotation marks omitted); *see also City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy . . . [that] can be attributed to a municipal policymaker."); *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 427 (S.D.N.Y. 2002) ("A single incident by itself is generally insufficient to establish the affirmative link between the municipal policy or custom and the alleged unconstitutional violation."). A plaintiff must instead "demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted); *see also Tieman*, 2015 WL 1379652, at *12 ("[T]here must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" (internal quotation marks omitted)); *Johnson v. City of N.Y.*, No. 06-CV-9426, 2011 WL 666161, at *3 (S.D.N.Y. Feb. 15, 2011) (noting that "a plaintiff must establish a causal connection—an affirmative link—between the [municipal] policy and the deprivation of his constitutional rights" (internal quotation marks omitted)).

   A plaintiff need not prove these elements at the motion-to-dismiss stage, but he must still plead enough facts to make out a plausible claim for relief. Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, *see Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), a plaintiff cannot merely allege the existence of municipal policy or custom but must instead "allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists," *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012); *see also Iqbal*, 556

U.S. at 678 (noting that a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement" (alteration and internal quotation marks omitted)).

### a. The Town and the County

The Complaint contains only a single reference to the Town and the County. As this sole allegation, Plaintiff asserts that the Town and the County, along with the Village, "refus[ed] to correct []or deter this blatant disregard of this continuing violation of people[']s constitutional and civil rights [by the Monticello Police Department]." (Compl. 4.)

Plaintiff has not, however, alleged *any* facts to support an inference that either municipality has a custom or practice of tolerating police abuse or of failing to discipline miscreant police officers.[2] Wholly conclusory, the Complaint's passing allegation against the Town and the County is insufficient to state a claim under *Monell*. *See Masciotta v. Clarkstown Cent. Sch. Dist.*, 136 F. Supp. 3d 527, 547 (S.D.N.Y. 2015) (concluding that "general allegations" against a municipal defendant were "conclusory, and therefore must be disregarded" (internal quotation marks omitted)); *Simms v. City of N.Y.*, No. 10-CV-3420, 2011 WL 4543051,

---

[2] Moreover, Plaintiff has not plausibly alleged that the County or the Town exercised control or authority over officers (like Lindsey, Youman, and Mota) employed by *the Village*, a separate municipality. *See Breitkopf v. Gentile*, 41 F. Supp. 3d 220, 259 (E.D.N.Y. 2014) ("Under *Monell*, an employee *of the defendant municipality* generally must have committed the underlying constitutional violation." (emphasis added)); *cf. Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 405 (1997) ("[R]igorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of *its* employee." (emphasis added)). Nor has Plaintiff pled that either municipality exhibited deliberate indifference to the consequences of any alleged failure to properly train or supervise nonemployees who violated his constitutional rights. *See New Creation Fellowship of Buffalo v. Town of Cheektowaga*, No. 99-CV-460, 2004 WL 1498190, at *25 (W.D.N.Y. July 2, 2004) (explaining that a municipality can only be held liable for "the actions of a nonemployee . . . carried out pursuant to a municipal policy . . . where it is shown that the municipality, through its policymakers, was deliberately indifferent to the consequences of its failure to properly train or supervise the nonemployee committing the constitutional violation, and that the nonemployee acted under color of law"), *aff'd*, 164 F. App'x 5 (2d Cir. 2005).

at *3 (E.D.N.Y. Sept. 28, 2011) (dismissing conclusory allegations that did not provide any facts that would allow the court to infer what municipal policies or practices led to the alleged training deficiency (citing *Iqbal*, 556 U.S. at 678–79)), *aff'd*, 480 F. App'x 627 (2d Cir. 2012); *5 Borough Pawn, LLC v. City of N.Y.*, 640 F. Supp. 2d 268, 300 (S.D.N.Y. 2009) (dismissing *Monell* claim where the "plaintiffs fail[ed] to allege any facts showing that there is a [municipal] policy—unspoken or otherwise—that violates the Federal Constitution"). Accordingly, the Court dismisses Plaintiff's claims against both the Town and the County.

### b. The Village

As against the Village, Plaintiff alleges "ongoing practices and policies . . . of violating people[']s constitutional and civil rights . . . ."  (Compl. 4.)

However, the mere assertion as to the existence of a non-specific custom or policy will not suffice, and the Complaint provides no factual support in this regard. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 124 (2d Cir. 1991) (affirming "that an allegation of municipal policy or custom would be insufficient if wholly conclusory"); *Maynard v. City of N.Y.*, No. 13-CV-3412, 2013 WL 6667681, at *4 (S.D.N.Y. Dec. 17, 2013) ("Conclusory allegations that there was such a policy or custom, without identifying or alleging supporting facts, is insufficient to state a claim."); *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (noting that "mere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details"); *Duncan v. City of N.Y.*, No. 11-CV-3826, 2012 WL 1672929, at *2–3 (E.D.N.Y. May 14, 2012) (holding "boilerplate statements" that a municipal defendant had a custom of making and tolerating false arrests and of using excessive force "[were] insufficient to state a claim of municipal liability under *Monell*"). Indeed, the only facts set forth in the Complaint relate to

Plaintiff's own arrest, (*see* Compl. 2–3), and, as noted above, "[a] *Monell* claim cannot go forward based on conclusory claims regarding a single incident without more evidence that connects this incident to a municipal policy or practice," *Pittman v. City of N.Y.*, No. 14-CV-4140, 2014 WL 7399308, at *7 (E.D.N.Y. Dec. 30, 2014); *see also Triano*, 895 F. Supp. 2d at 538 (finding the plaintiff "ha[d] not plausibly alleged any facts to support an inference that the [t]own has a custom of tolerating or covering up police abuses" where "[t]he only *facts* included in [the] [c]omplaint relate to [the] [p]laintiff's own arrest"); *Gordon v. City of N.Y.*, No. 10-CV-5148, 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (dismissing § 1983 claims against a municipal defendant where the plaintiff's "allegation [was] unsupported by anything other than the facts of what occurred in his particular case"). Alleged conduct by a limited number of employees simply cannot support municipal liability. *See Brogdon*, 200 F. Supp. 2d at 427; *cf. Connick* v. *Thompson*, 563 U.S. 51, 60 (2011) (noting that, under § 1983, governmental bodies are not vicariously liable for their employees' actions).

Moreover, while Plaintiff claims that Lindsey, Youman, and Mota were not disciplined for the alleged events of September 5, 2014, (*see* Compl. 4 (alleging that the Village, the Town, and the County "refus[ed] to correct []or deter" misconduct by the officers); *id.* (alleging that Mir failed to discipline the officers)), this singular failure to discipline "cannot give rise to an inference of deliberate indifference without further evidence of a municipal policy or practice," *Searles v. Pompilio*, 652 F. Supp. 2d 432, 445 (S.D.N.Y. 2009) (internal quotation marks omitted); *see also DiGennaro v. Town of Gates Police Dep't*, No. 07-CV-6426, 2013 WL 3097066, at *14 (W.D.N.Y. June 18, 2013) (noting "a municipal *policy* cannot be inferred from a failure to discipline 'a single police officer for a single incident of illegality'" (quoting *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980))); *Triano*, 895 F. Supp. 2d at 535 (dismissing "vague,

10

conclusory allegations that the [t]own permitted, tolerated, and covered up police abuses, while failing to discipline and supervise offending police officers"); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 336 (S.D.N.Y. 1999) ("[W]here the only evidence of a policy . . . is a failure to discipline the defendant officers, a policy condoning unconstitutional action by the [municipality] cannot be inferred."), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000).

Because Plaintiff has thus once again failed to satisfy the requirements of *Monell*, the Court dismisses his claims against the Village.[3]

### 2. Claims Against Mir

Plaintiff further alleges that "the Chief of Police, Mir" knew of and failed to discipline "the assaultive behavior" by Lindsey, Youman, and Mota. (Compl. 4.)

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir.

---

[3] To the extent Plaintiff sought to plead a § 1983 conspiracy claim against the Town, the County, and/or the Village, the Complaint must plausibly allege "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *see also K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013) (same). Moreover, "claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *K.D.*, 921 F. Supp. 2d at 209 (internal quotation marks omitted). Here, Plaintiff has neither offered facts that plausibly suggest a "meeting of the minds" nor provided "some details of time and place." *Id.* at 208 (internal quotation marks omitted). Indeed, the Complaint does not even identify who allegedly conspired on behalf of the Town, the County, or the Village. *See McLaurin v. New Rochelle Police Officers*, 368 F. Supp. 2d 289, 295 (S.D.N.Y. 2005) (dismissing § 1983 conspiracy claim where the "plaintiff d[id] not even identify who purportedly acted on behalf of [the] [c]ounty in forming the conspiratorial agreement"). As such, any conspiracy claims against the Town, the County, and the Village are dismissed.

2013); *see also Davila v. Johnson*, No. 15-CV-2665, 2015 WL 8968357, at *4 (S.D.N.Y. Dec. 15, 2015) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994))). In other words, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the [law]." *Iqbal*, 556 U.S. at 676; *see also Quezada v. Roy*, No. 14-CV-4056, 2015 WL 5547277, at *7 (S.D.N.Y. Sept. 18, 2015) ("In an action under 42 U.S.C. § 1983, defendants cannot be held liable under a theory of respondeat superior." (citing *Monell*, 436 U.S. at 691)).

> Such personal involvement may be shown where:
>
> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [individuals] by failing to act on information indicating that unconstitutional acts were occurring.

*Grullon*, 720 F.3d at 139 (alteration, italics, and internal quotation marks omitted) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). "Supervisory status, without more, is not sufficient to subject a defendant to [§] 1983 liability." *Fortunato v. Bernstein*, No. 12-CV-1630, 2015 WL 5813376, at *6 (S.D.N.Y. Sept. 1, 2015) (internal quotation marks omitted).

Although the continuing validity of the *Colon* factors has been called into question by the Supreme Court's ruling in *Iqbal*, *see, e.g.*, *Grullon*, 720 F.3d at 139 (noting that *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations"); *Golodner v. City of New London*, No. 14-CV-173, 2015 WL 1471770, at *7 (D. Conn. Mar. 31, 2015) ("The Second Circuit has raised the possibility that the

*Colon* test was overruled in part by the Supreme Court's decision in *Iqbal*, and that the requirement for making out a claim of supervisory liability is now more demanding." (citing *Grullon*, 720 F.3d at 139)), the Second Circuit "has thus far declined to resolve the question," *Samuels v. Fischer*, — F. Supp. 3d —, 2016 WL 827781, at *6 (S.D.N.Y. Mar. 2, 2016) (internal quotation marks omitted). This Court, however, need not address that doctrinal question, as Plaintiff's claims against Mir founder even under *Colon*.

While the Complaint alleges "knowledge" and "lack of discipline" on the part of Mir, (Compl. 4), "Second Circuit law has long taught that, even within the context of the *Colon* framework, merely reciting the legal elements of a successful § 1983 claim for supervisory liability does not meet the plausibility pleading standard," *Samuels*, 2016 WL 827781, at *6 (alterations and internal quotation marks omitted); *see also Holland v. City of N.Y.*, — F. Supp. 3d —, 2016 WL 3636249, at *13 (S.D.N.Y. June 24, 2016) ("Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient, and supervisors cannot be held liable based solely on the alleged misconduct of their subordinates." (internal quotation marks omitted)); *El-Hanafi v. United States*, No. 13-CV-2072, 2015 WL 72804, at *15 (S.D.N.Y. Jan. 6, 2015) ("A complaint that essentially restates the relevant standard for supervisory liability or asserts mere 'bald assertions and conclusions of law' must be dismissed." (quoting *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996))). Indeed, aside from these conclusory statements and a mention of Mir's position within the Monticello Police Department, (*see* Compl. 4), Plaintiff presents no factual allegations indicating Mir's personal involvement in any constitutional violation, *see McRae v. Gentile*, No. 14-CV-783, 2015 WL 7292875, at *4 (N.D.N.Y. Oct. 20, 2015) (finding a complaint had not satisfied the "requirements for a finding of personal involvement" where the plaintiff merely alleged the

defendant's supervisory status "and that he failed to discipline the individuals who allegedly participated in the constitutional violations"), *adopted by* 2015 WL 7300540 (N.D.N.Y. Nov. 18, 2015); *Landron v. City of N.Y.*, No. 14-CV-1046, 2014 WL 6433313, at *4 (S.D.N.Y. Nov. 7, 2014) ("[C]laims against an official based solely on the fact that she occupies a high position . . . and supported by only conclusory allegations of her personal involvement are insufficient to state a claim." (alteration and internal quotation marks omitted)); *Lovick v. Schriro*, No. 12-CV-7419, 2014 WL 3778184, at *3 (S.D.N.Y. July 25, 2014) (dismissing § 1983 claims where the complaint contained "no allegations whatsoever indicating that [the defendants] were personally involved in the purported violations" of the plaintiff's constitutional rights). The Complaint's bare assertion cannot support a claim for supervisory liability under § 1983, and Mir is thus entitled to dismissal.

### 3.  Claims Against Johnstone

Although Johnstone is named in the caption, Plaintiff makes no reference to him in the body of the Complaint. (*See generally* Compl.)

"[W]here the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove*, 56 F. Supp. 2d at 335 (internal quotation marks omitted); *see also Johnson v. Gonzalez*, No. 14-CV-745, 2015 WL 1179384, at *6 (N.D.N.Y. Mar. 13, 2015) (granting motion to dismiss where "the verified complaint list[ed] [a] defendant . . . in the caption, but fail[ed] to again name or assert allegations against him"); *Banks v. Argo*, No. 11-CV-4222, 2012 WL 4471585, at *7 (S.D.N.Y. Sept. 25, 2012) (dismissing claims against a defendant who was "not mentioned anywhere in the complaint other than in the caption"). Therefore, Plaintiff's claims against Johnstone are dismissed.

III. Conclusion

For the reasons stated above, the Motions are granted without prejudice. Should Plaintiff choose to file an amended complaint, he must do so within 30 days of this Order, addressing the deficiencies outlined herein. He is advised that an amended complaint replaces the Complaint currently pending before the Court in its entirety and therefore must include all of his claims and factual allegations against all Defendants against whom he wishes to proceed. The amended complaint must be captioned "First Amended Complaint" and bear the same docket number as this Order.

The Clerk of the Court is respectfully requested to terminate the pending Motions. (Dkt. Nos. 23, 29, 45.)

SO ORDERED.

DATED: September 16, 2016
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE